**MANDATORY FORM PLAN (Revised 03/24/2023)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re | ) | Case No. 24 1 2915 |
| **Jason Michael Rouse** | ) | |
| **Stephanie Lynn Rouse** | ) | Chapter 13 |
| Debtor(s) | ) | Judge Buchanan |

**Amended CHAPTER 13 PLAN**

### 1. NOTICES

**The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).
☐ Debtor ____ is **not eligible** for a discharge.
☐ Joint Debtor ____ is **not eligible** for a discharge.

☐ **Initial Plan.**
☒ **Amended Plan.** The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee, and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly highlighted in a conspicuous manner in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.

The checkboxes below will be checked automatically if information is entered in the referenced Plan provisions.

☒ This Plan contains nonstandard provisions in Paragraph 13.
☒ The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2(A) and/or 5.1.4(A).
☐ The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1, 5.4.2, and/ or 5.4.3.

**NOTICE TO CREDITORS:** You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.

### 2. PLAN PAYMENT AND LENGTH

**2.1 Plan Payment.** The Debtor shall pay to the Trustee the amount of $____ per month. [Enter step payments below, if any.] The Debtor shall commence making payments not later than thirty (30) days after the date of filing of the Plan or the order for relief, whichever is earlier. § 1326(a)(1).

**2.1.1 Step Payments, if any:**
$4478 for **8** months
$4528 for **52** months

**2.2 Unsecured Percentage.**

☒ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of **100.00** % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is

**MANDATORY FORM PLAN (Revised 03/24/2023)**

$_____. Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____ %.

**2.3 Means Test Determination.**

☒ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☐ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, projected length of the Plan must be sixty (60) months.

Upon notice filed with the Court, the Trustee is authorized to administratively increase the proposed percentage payable to nonpriority unsecured creditors to ensure the Plan complies with § 1325(b)(1)(B).

**3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total Plan payment to the Trustee. LBR 3070- 1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

☐ NONE

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount |
|---|---|---|
| **Capital One Auto Finance** | **2015 Toyota Sienna 150,000 miles Keep, Behind on payments Lien 9/1/2020 Not refinanced KBB value pulled 12/6/2024 (Good condition) Lien balance as of 10/10/24** | **$214.00** |
| **Gm Financial** | **2019 Ford F250 70,000 miles Keep, Repossessed 11/24/2024 Lien 6/18/2021 Not refinanced KBB value pulled (Good condition) Lien balance as of 10/10/24** | **$802.00** |

**4. SECURED CLAIMS: TREATMENT, TIMING AND SERVICE REQUIREMENTS**

4.1   Non-Government Unit Secured Claims. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2(A) and 5.1.4(A). Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2, and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2   Governmental Unit Secured Claims. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3   Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2(A), 5.1.4(A), 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), and Rule 4003(d).

4.4   Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2(A) or (B), 5.1.3, 5.1.4(A) or (B), and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of -- (a) payment of the underlying debt

**MANDATORY FORM PLAN (Revised 03/24/2023)**

    determined under nonbankruptcy law, (b) discharge of the underlying debt under § 1328, or (c) completion of the Plan -- at which time the lien will terminate and be released by the creditor.

## 5. PAYMENTS TO CREDITORS

SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims. |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims. |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims. |
| Class 5 | Treatment of Claims with a Non-Filing Codebtor, Guarantor, or Third Party | See Paragraph 5.5 |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient. If the Trustee receives written communication from a creditor that a claim has been paid in full, released, waived, or otherwise deemed satisfied, the Trustee may file a Notice of Deemed Satisfaction of Claim with the Court and distribute any funds returned to the Trustee relating to such claim to other creditors without further order of the Court.

### 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The Plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full Plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

**5.1.1 Maintenance of Regular Mortgage Payments**

Regular mortgage payments shall be calculated to include the payment due the month after the filing of the petition. For mortgage loan claims disbursed by the Trustee, arrearage payments shall be calculated to include the payment due for the month of the filing of the petition. Arrearages shall be listed in Paragraph 5.2.1 and paid as Class 2 claims.

**Trustee disburse.**
☒ NONE

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may be paid directly by the Debtor only if the mortgage is current as of the petition date. LBR 3015-1(d).
☒ NONE

**5.1.2 Modified Mortgages or Liens Secured by Real Property**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the Plan is due. §§ 1322(b)(2), (c)(2).

**MANDATORY FORM PLAN (Revised 03/24/2023)**

**5.1.2(A) Cramdown/Real Property.** To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

☒ NONE

**5.1.2(B) Non-Cramdown/Real Property.** The full amount of the following claims shall be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

☒ NONE

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

☒ NONE

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable**

The following claims are secured by personal property not described above in Paragraph 5.1.3.

**5.1.4(A) Cramdown/Personal Property.** To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

☐ NONE

|   | Name of Creditor/Procedure | | Property Description | Purchase/ Transaction Date |
|---|---|---|---|---|
| 1. | **Capital One Auto Finance**<br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | | **2015 Toyota Sienna 150,000 miles**<br>**Keep, Behind on payments**<br>**Lien 9/1/2020**<br>**Not refinanced**<br>**KBB value pulled 12/6/2024 (Good condition)**<br>**Lien balance as of 10/10/24** | **Opened 08/20  Last Active 8/17/24** |
|   | Value of Property | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest |
| 1. | $**11,767.00** | $**10,101.00** | 9.75% | $**214.00** |
| 2. | **Eagle Loan Of Ohio**<br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | | hh goods secuing eagle loan | **Opened 07/23  Last Active 09/24** |
|   | Value of Property | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest |
| 2. | $**500.00** | $**500.00** | 9.75% | $**11.00** |
| 3. | **Gm Financial**<br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | | **2019 Ford F250 70,000 miles**<br>**Keep, Repossessed 11/24/2024**<br>**Lien 6/18/2021**<br>**Not refinanced**<br>**KBB value pulled (Good condition)**<br>**Lien balance as of 10/10/24** | **Opened 05/21  Last Active 09/24** |
|   | Value of Property | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest |

**MANDATORY FORM PLAN (Revised 03/24/2023)**

| | Name of Creditor/Procedure | | Property Description | Purchase/ Transaction Date |
|---|---|---|---|---|
| 3. | $46,875.00 | $37,949.00 | 9.75% | $802.00 |
| 4. | **Systems & Services Technologies, Inc.**<br><br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | | **2021 Coleman Lantern 337BH Camper**<br>**Surrender, Behind on payments**<br>**Lien 7/12/2021**<br>**Not refinanced**<br>**KBB value pulled 12/2/2024 (Average retail)**<br>**Lien balance as of 10/10/24** | **Opened 06/21  Last Active 1/27/24** |
| | Value of Property | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest |
| 4. | **$25,050.00** | **$25,050.00** | **9.50%** | **$527.00** |

**5.1.4(B) Non-Cramdown/Personal Property.** The full amount of the following claims will be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

☒ NONE

**5.1.5 Domestic Support Obligations (Ongoing) - Priority Claims under § 507(a)(1)**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee. Arrearages shall be listed in Paragraph 5.2.2 and paid as Class 2 claims.

☒ NONE

**5.1.6 Executory Contracts and Unexpired Leases**

**Service Requirements.** The Plan shall be served on the holder of any executory contract or unexpired lease listed in Paragraph 5.1.6.

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:** A proof of claim for rejection damages must be filed by the creditor within ninety (90) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

☐ NONE

| Name of Creditor | Property Description |
|---|---|
| **Progressive Leasing/NPRTO Ohio, LLC** | **couch** |
| **Progressive Leasing/NPRTO Ohio, LLC** | **dryer** |

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(c)(1). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

☒ NONE

**Debtor direct pay.**

**MANDATORY FORM PLAN (Revised 03/24/2023)**

☐ NONE

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date |
|---|---|---|---|---|---|
| **Thomas and Patricia Simmons** | Rent / Month-to-Month / Monthly pmt. $1100.00 | ongoing | $1,100.00 | $0.00 | ongoing |

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

☐ NONE

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount |
|---|---|---|---|
| **Richard E. West 0033319** | 4,350.00 | 4,350.00 | 72.50 |

### 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

#### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment, and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims. The interest rate in Paragraph 7 does not apply to claims in this Paragraph.

☒ NONE

#### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

☒ NONE

### 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

### 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

#### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

☒ NONE

#### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

**MANDATORY FORM PLAN (Revised 03/24/2023)**

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

☒ NONE

**5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property**

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

☒ NONE

**5.4.4 Mortgages to be Avoided Under § 544**

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

☒ NONE

**5.5 CLASS 5 - TREATMENT OF CLAIMS WITH A NON-FILING CODEBTOR, GUARANTOR, OR THIRD PARTY**

**5.5(A) Claims Paid by Non-Filing Codebtor, Guarantor, or Third Party.** The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing codebtor, guarantor, or third party.

☒ NONE

**5.5(B) Claims Paid by Debtor or Trustee.** The following claims with a non-filing codebtor or guarantor shall be paid by the Debtor or Trustee.

☒ NONE

**5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR**

The following claims, which are not otherwise addressed in the Plan, shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

☒ NONE

**6. SURRENDER OF PROPERTY**

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

☒ NONE

| Name of Creditor | Description of Property |
|---|---|
|  |  |

**7. INTEREST RATE**

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1 and 5.2.1, secured claims shall be paid interest at the annual percentage rate of **9.75** % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at ____% from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

**MANDATORY FORM PLAN (Revised 03/24/2023)**

## 8. FEDERAL INCOME TAX RETURNS AND REFUNDS

**8.1 Federal Income Tax Returns**

The Debtor shall provide the Trustee with a copy of each federal income tax return by April 30 of each year, unless otherwise ordered by the Court.

**8.2 Federal Income Tax Refunds**

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and, unless otherwise ordered by the Court, shall turn over any balance in excess of such amount to the Trustee by June 1 of each year. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

## 9. OTHER DUTIES OF THE DEBTOR

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Bonuses, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Funds to Which the Debtor May Be Entitled or Becomes Entitled to Receive**

The Debtor shall keep the Trustee informed as to any claim for or receipt of money or property regarding personal injury, workers compensation, bonuses, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

**9.3 Social Security**

The Debtor shall keep the Trustee informed as to any claim for or receipt of social security funds.

## 10. INSURANCE

**10.1 Insurance Information**

As of the petition date, the Debtor's real and personal property is insured as follows.

☐ NONE

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent Name/ Contact Information |
|---|---|---|---|---|
| **2015 Toyota Sienna 150,000 miles Keep, Behind on payments Lien 9/1/2020 Not refinanced KBB value pulled 12/6/2024 (Good condition) Lien balance as of 10/10/24** | **Geico** | **6186-16-77-86** | full | **No agent 800-841-3000** |

**MANDATORY FORM PLAN (Revised 03/24/2023)**

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent Name/ Contact Information |
|---|---|---|---|---|
| **2011 Chevrolet Cruze 140,000 miles Keep, Free & Clear Not refinanced KBB value pulled 12/4/204 (Good condition)** | **Geico** | **6186-16-77-86** | full | **No agent 800-841-3000** |
| **2019 Ford F250 70,000 miles Keep, Repossessed 11/24/2024 Lien 6/18/2021 Not refinanced KBB value pulled (Good condition) Lien balance as of 10/10/24** | **Geico** | **6186-16-77-86** | Full | **No agent 800-841-3000** |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

**11. EFFECTIVE DATE OF THE PLAN**

The effective date of the Plan is the date on which the order confirming the Plan is entered.

**12. VESTING OF PROPERTY OF THE ESTATE**

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☒ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other ____

**13. NONSTANDARD PROVISIONS**

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.
☐ NONE

Gm Financial has repossessed the debtors vehicle, a 2019 f 250, and shall return it to the debtor immediately upon notice of filing this case.


By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

**Debtor's Attorney**

**MANDATORY FORM PLAN (Revised 03/24/2023)**

| | |
|---|---|
| | **/s/ Richard E. West** |
| Date:  **February 12, 2025** | **Richard E. West 0033319** |
| | **Richard E. West Co. LPA** |
| | **195 E. Central Ave.** |
| | **Springboro, OH 45066** |
| | **Ph: 937-601-0401** |
| | **Fx: 937-552-2138** |
| | **email@debtfreeohio.com** |

| **Debtor** | **Joint Debtor** |
|---|---|
| /s/ Jason Michael Rouse | /s/ Stephanie Lynn Rouse |
| **Jason Michael Rouse** | **Stephanie Lynn Rouse** |
| Date:  **February 12, 2025** | Date:  **February 12, 2025** |

**MANDATORY FORM PLAN (Revised 03/24/2023)**
## NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION

Debtor has filed a Chapter 13 plan or an amended Chapter 13 plan (hereafter, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file a written objection to the Plan. Objections to confirmation of an initial plan shall be filed within fourteen (14) days after the § 341 meeting of creditors is concluded. Objections to confirmation of an amended plan shall be filed with the later of twenty-one (21) days after service of the amended plan or fourteen (14) days after the 341 meeting of creditors is concluded. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by first class mail to the United States Bankruptcy Court

Atrium Two Suite 800, 221 East Fourth Street, Cincinnati OH 45202

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) first class mail to:

Stephanie & Jason Rouse   6453 Simon Drive Cincinnati, OH 45233

Debtor's Attorney Richard West, 195 E. Central Ave. Springboro, Ohio 45066

Trustee Margaret A. Burks, Chapter 13 Trustee, 600 Vine St., Suite 2200, Cincinnati, OH 45202

Office of the U.S. Trustee, 170 North High St., Suite 200, Columbus, OH 43215

If you or your attorney does not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

**MANDATORY FORM PLAN (Revised 03/24/2023)**

### Certificate of Service

I hereby certify that a copy of the foregoing amended **Chapter 13 Plan** was served **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court and

by first class mail on __**February 12, 2025**__ addressed to:

Stephanie & Jason Rouse
6453 Simon Drive
Cincinnati, OH 45233

all creditors on attached matrix

regular mail to

**Capital One Auto Finance**
**Attn: ceo**
**7933 Preston Rd**
**Plano, TX 75024**

**Eagle Loan Of Ohio**
**Attn: ceo**
**4350 St Rte 128 Ste G**
**Cleves, OH 45002**

**Gm Financial**
**attn: ceo**
**801 Cherry Street, Ste. 3600**
**Fort Worth, TX 76102**

Certified mail to

by  addressed to:
**Capital One Auto Finance**
**Attn: ceo**
**7933 Preston Rd**
**Plano, TX 75024**

by  addressed to:
**Eagle Loan Of Ohio**
**Attn: ceo**
**4350 St Rte 128 Ste G**
**Cleves, OH 45002**

by  addressed to:
**Gm Financial**
**attn: ceo**
**801 Cherry Street, Ste. 3600**
**Fort Worth, TX 76102**

/s/ Richard E. West
Richard E. West 0033319
195 E. Central Ave.
Springboro, OH 45066
Ph: 937-601-0401
Fx: 937-552-2138
email@debtfreeohio.com

```
Label Matrix for local noticing          Capital One Auto Finance              AcceptanceNOW
0648-1                                   AIS Portfolio Services, LLC           Attn: Bankruptcy
Case 1:24-bk-12915                       4515 N Santa Fe Ave. Dept. APS        5501 Headquarters Drive
Southern District of Ohio                Oklahoma City, OK 73118-7901          Plano, TX 75024-5837
Cincinnati
Wed Feb 12 10:25:29 EST 2025

Affirm, Inc.                             Affirm, Inc.                          Alta Fiber
650 California St Fl 12                  Attn: Bankruptcy                      PO Box 748003
San Francisco, CA 94108-2716             650 California St, Fl 12              Cincinnati, OH 45274-8003
                                         San Francisco, CA 94108-2716


Amazon Business                          AmeriCredit Financial Services, Inc/GM Finan   Asst US Trustee (Cin)
PO Box 81226                             P O Box 183853                        Office of the US Trustee
Seattle, WA 98108-1300                   Arlington, TX 76096-3853              J.W. Peck Federal Building
                                                                               550 Main Street, Suite 4-812
                                                                               Cincinnati, OH 45202-5212


Attn: Capital One Auto Finance Department   Attorney General                   Auto Zone
AIS Portfolio Services, LLC              150 E Gay Street, 21st Fl             PO Box 116067
Account: XXXXXXXXX2096                   Cincinnati, OH 45215                  Atlanta, GA 30368-6067
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901


(p)CAINE & WEINER COMPANY                Capital One                           Capital One Auto Finance
12005 FORD ROAD 300                      Attn: Bankruptcy                      Attn: ceo
DALLAS TX 75234-7262                     Po Box 30285                          7933 Preston Rd
                                         Salt Lake City, UT 84130-0285         Plano, TX 75024-2302


Capital One Auto Finance a division of Capit   Christ Hospital                 Cincinnati Oral & Maxillofacial Surgery
4515 N Santa Fe Ave Dept APS             2139 Auburn Avenue                    7611 Cheviot Road
Oklahoma City OK 73118-7901              Cincinnati, OH 45219-2989             Cincinnati, OH 45247-4015


Cintas Corporation                       Coast to Coast Financial Solutions    Duke Energy
Stephen J. Malkiewicz, Counsel           Attn: Bankruptcy                      P.O. Box 9001084
6800 Cintas Blvd                         101 Hodencamp Rd Ste 120              Louisville, KY 40290-1084
Mason, OH 45040-9151                     Thousand Oaks, CA 91360-5831


Eagle Loan Company of Ohio, Inc.         Eagle Loan Of Ohio                    First Premier Bank
PO Box 54927                             Attn: ceo                             3820 N Louise Ave
Cincinnati OH 45254-0927                 4350 St Rte 128 Ste G                 Sioux Falls, SD 57107-0145
                                         Cleves, OH 45002-9343


Foreign Auto Salvage                     (p)G L A COLLECTION COMPANY INC       Gateway Tire
1980 Highland Pike                       2630 GLEESON LN                       100 Corridor Dr
Ft Wright, KY 41017-8135                 LOUISVILLE KY 40299-1772              Monroe, OH 45050-1394


Genesight                                Gm Financial                          Hamilton County Municipal Court
P O Box 645685                           attn: ceo                             1000 Main Street
Cincinnati, OH 45264-5685                801 Cherry Street, Ste. 3600          Cincinnati, OH 45202-1288
                                         Fort Worth, TX 76102-6855
```

| | | |
|---|---|---|
| Huntington Bank<br>Attn: Bankruptcy<br>41 S High St<br>Columbus, OH 43215-3406 | IC Systems, Inc<br>Attn: Bankruptcy<br>444 Hwy 96 East<br>St. Paul, MN 55127-2557 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 |
| Jefferson Capital Systems, LLC<br>Attn: Bankruptcy<br>200 14th Ave E<br>Sartell, MN 56377-4500 | KOI Auto Parts<br>PO Box 2246<br>Staunton, VA 24402-2246 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Lgl Actn Br<br>8 Broadway<br>Kissimmee, FL 34741-5701 | Lvnv Funding/Resurgent Capital<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville, SC 29603-0497 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| MOHELA<br>PO BOX 9640<br>Wilkes-Barre, PA 18773-9640 | Merrick Bank/Card Works<br>Attn: Bankruptcy<br>P.O. Box 5000<br>Draper, UT 84020-5000 | Messerli & Kramer P.A.<br>3033 Campus Drive # 250<br>Plymouth, MN 55441-2685 |
| Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 | Midland Credit Mgmt<br>Attn: Bankruptcy<br>Po Box 939069<br>San Diego, CA 92193-9069 | Napa<br>11361 Mosteller Rd<br>Cincinnati, OH 45241-1827 |
| Nathan J. Allen, Esq.<br>Stenger & Stenger<br>2618 East Paris Avenue SE<br>Grand Rapids, MI 49546-2458 | Navient<br>Attn:  Bankruptcy<br>Po Box 9635<br>Wilkes Barre, PA 18773-9635 | Navient<br>Attn: Bankruptcy<br>Po Box 9640<br>Wilkes-Barr, PA 18773-9640 |
| (p)OHIO ATTORNEY GENERAL<br>COLLECTIONS ENFORCEMENT ATTN BANKRUPTCY MANAGER<br>30 E BROAD ST<br>14TH FLOOR<br>COLUMBUS OH 43215-3414 | Ohio Bureau of Worker's Comp<br>P O Box 89492<br>Cleveland, OH 44101-6492 | Ohio Department of Taxation, Bankruptcy Div<br>P.O. Box 530<br>Columbus, OH 43216-0530 |
| (p)PNC BANK RETAIL LENDING<br>P O BOX 94982<br>CLEVELAND OH 44101-4982 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Paychex<br>1175 John St.<br>Henrietta, NY 14586-9199 |
| (p)PLAZA SERVICES  LLC<br>ATTN MANNY WILLIAMS<br>110 HAMMOND DRIVE<br>SUITE 110<br>ATLANTA GA 30328-4806 | Progressive Leasing/NPRTO Ohio, LLC<br>256 West Data Dr<br>Draper, UT 84020-2315 | Quantum3 Group LLC as agent for<br>CKS Prime Investments LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| Rumpke<br>10795 Hughes Road<br>Cincinnati, OH 45251-4598 | Schaffer's Towing<br>4270 Harrison Ave<br>Cincinnati, OH 45211-3341 | Scolopax, LLC<br>C/O Weinstein & Riley, P.S.<br>749 GATEWAY, SUITE G-601<br>ABILENE, TX 79602-1196 |

```
(p)SPIRE RECOVERY SOLUTIONS LLC        State of Ohio Taxation ALL NOTICES    Systems & Services Technologies, Inc.
57 CANAL STREET                        Bankruptcy Department                 Attn: Bankruptcy
SUITE 302                              PO Box 530                            4315 Pickett Road
LOCKPORT NY 14094-2845                 Columbus, OH 43216-0530               Saint Joseph, MO 64503-1600


Target NB                              The BMW Store Inc.                    The Huntington National Bank
C/O Financial & Retail Services        6131 Stewart Rd.                      PO Box 89424
Mailstop BT PO Box 9475                Cincinnati, OH 45227-1233             OPC856
Minneapolis, MN 55440-9475                                                   Cleveland, OH 44101-6424


The Receivables Management Services, LLC   Thomas and Patricia Simmons       Tri-Health
P O Box 361446                         5885 West Ford Road                   PO Box 630823
Columbus, OH 43236-1446                Cincinnati, OH 45247-5973             Cincinnati, OH 45263-0823


(p)INTERNAL REVENUE SERVICE            (p)UPLIFT  INC                        (p)VELOCITY PORTFOLIO GROUP  INC
CENTRALIZED INSOLVENCY OPERATIONS      2 N CENTRAL AVE FL 10                 1800 RT 34 NORTH
PO BOX 7346                            PHOENIX AZ 85004-4422                 BLDG 3 SUITE 305
PHILADELPHIA PA 19101-7346                                                   WALL NJ 07719-9146


Verizon                                Verizon Wireless                      (p)FISHER AUTO PARTS
by AIS InfoSource LP as agent          Attn: Bankruptcy                      ATTN ATTN A/R DEPT
4515 N Santa Fe Ave                    500 Technologht Dr, Suite 599         PO BOX 2246
Oklahoma City OK 73118-7901            Weldon Springs, MO 63304-2225         STAUNTON VA 24402-2246


Jason Michael Rouse                    Margaret A Burks                      Richard E West
6453 Simon Drive                       600 Vine Street                       Richard E. West Co., L.P.A.
Cincinnati, OH 45233-4559              Suite 2200                            195 E Central Avenue
                                       Cincinnati, OH 45202-2491             Springboro, OH 45066-1343


Stephanie Lynn Rouse
6453 Simon Drive
Cincinnati, OH 45233-4559
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Caine & Weiner                         GLA Collection Company                Jefferson Capital Systems LLC
PO Box 5010                            Attn: Bankruptcy                      PO BOX 7999
Woodland Hills, CA 91365               2630 Gleeson Lane                     St. Cloud, MN 56302-9617
                                       Louisville, KY 40299


Office of Ohio Attorney General        PNC Bank                              PORTFOLIO RECOVERY ASSOCIATES, LLC
150 E. Gay St.                         P.O.Box 747066                        POB 41067
Columbus, OH 43215                     Pittsburgh, PA 15274                  Norfolk, VA 23541
```

```
Plaza Services, LLC                Spire Recovery Solutions         United States Treasury
Attn: Bankruptcy                   330 S. Transit Street            P.O. Box 219236
110 Hammond Dr, Suite 110          Lockport, NY 14094               Kansas City, MO 64121-9236
Atlanta, GA 30328


Uplift Inc                         Velocity Investments, Llc        fisher auto parts
Attn: Bankruptcy                   Attn: Bankruptcy                 po box 2246
440 N. Wolfe Road                  1800 Route 34n, Suite 305        staunton, VA 24402-2246
Sunnyvale, CA 94085                Wall, NJ 07719
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Progressive Leasing/NPRTO Ohio, LLC     End of Label Matrix
256 West Data Drive                        Mailable recipients    78
Draper, UT 84020-2315                      Bypassed recipients     1
                                           Total                  79
```